IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3001-FL

| | | |
|---|---|---|
| ABEL MEDINA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOSEPH B. HALL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the motion for judgment on the pleadings (DE # 19) and motion for summary judgment (DE # 34) filed by defendant Doctor Joseph Umesi ("Umesi"), and the motion for summary judgment (DE # 46) filed by defendants Teresa Brown ("Brown"), Wanda Carlisle ("Carlisle"), Janice Grimes ("Grimes"), Joseph B. Hall ("Hall"), Alvin W. Keller ("Keller"), Bob Lewis ("Lewis"), Hope Smith ("H. Smith"), and Paula Y. Smith ("P. Smith"). These motions have been fully briefed and the issues raised are ripe for adjudication. For the following reasons, the court grants defendants' motions.

## STATEMENT OF THE CASE

On January 6, 2010, plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging that defendants were deliberately indifferent to his serious medical condition in violation of the Eighth Amendment to the United States Constitution. On April 20, 2010, Umesi filed a motion for judgment on the pleadings, arguing that plaintiff's action should be dismissed for failure to exhaust administrative remedies. Alternatively, Umesi argues plaintiff's action should be dismissed because

he failed to allege an Eighth Amendment deliberate indifference claim against Umesi. On September 7, 2010, Umesi filed a motion for summary judgment, again arguing failure to exhaust administrative remedies and failure to allege an Eighth Amendment deliberate indifference claim.

On October 28, 2010, Brown, Carlisle, Grimes, Hall, Keller, Lewis, H. Smith, and P. Smith filed a motion for summary judgment, arguing that plaintiff failed to exhaust his administrative remedies and that he failed to state a claim upon which relief may be granted. Although he was notified of the above-stated dispositive motions, plaintiff failed to file a response.

## DISCUSSION

A. Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B. Analysis

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 83-85 (2006); see Jones v. Bock, 549 U.S.

199, 217 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford, 548 U.S. at 84. Exhaustion is mandatory. Woodford, 548 U.S. at 85; Porter v. Nussle, 534 U.S. 516, 524 (2002). A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001).

The North Carolina Department of Correction ("DOC") has a three step administrative remedy procedure which governs the filing of grievances. See, e.g., Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). The DOC's Administrative Remedy Procedure ("ARP") first encourages inmates to attempt informal communication with responsible authorities at the facility in which the problem arose. DOC ARP § .0301(a). If informal resolution is unsuccessful, the DOC ARP provides that any inmate in DOC custody may submit a written grievance on Form DC-410. DOC ARP § .0310(a). If the inmate is not satisfied with the decision reached at the Step one level of the grievance process, he may request relief from the Facility Head. Id. at § .0310(b)(1). If the inmate is not satisfied with the decision reached by the Facility Head, he may appeal his grievance to the Secretary of Correction through the inmate grievance examiner. Id. § .0310(c)(1). The decision by the [Inmate Grievance Examiner] or a modification by the Secretary of Correction shall constitute the final step of the Administrative Remedy Procedure. Id. § .0310(c)(6).

Plaintiff alleges in his complaint that he submitted a grievance to the secretary of correction, but that the grievance was abandoned because there was no action necessary. (Compl. 1.) Finesse

3

G. Couch ("Couch"), Executive Director of the North Carolina Inmate Grievance Resolution Board, submitted an affidavit. Couch's affidavit states that he reviewed all of the grievance resolution board's records and that no grievance appeal records exist for plaintiff. (Couch Aff. ¶ 4.) Plaintiff does not dispute this fact. Accordingly, the evidence in the record demonstrates that plaintiff failed to exhaust his administrative remedies before filing this action. Because plaintiff filed this action prior to completing the administrative remedy procedure, his action is DISMISSED without prejudice to allow him the opportunity to exhaust his administrative remedies.

## CONCLUSION

For the foregoing reasons, defendants' motion for judgment on the pleadings (DE # 19) and motions for summary judgment (DE ## 34, 46) are GRANTED. Plaintiff's action is DISMISSED without prejudice to allow him the opportunity to exhaust his administrative remedies.

SO ORDERED, this the 27th day of January, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

4